Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
ALICIA JIMENEZ, MAGALI HERNANDEZ DOMINGUEZ,
JUDITH TEPEC SUAREZ, VALERIA PINEDA, IGNACIO
JIMENEZ MOZO, ELIANA BLANCO, and RAQUEL PEREZ
CHAVEZ, individually and on behalf of all others similarly
situated,

          Plaintiff,

  -against-

EL CHEVERE CUCHIFRITOS, CORP. and JUAN ARMANDO
TESTA as an individual,

          Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

1. Plaintiffs, **ALICIA JIMENEZ, MAGALI HERNANDEZ, DOMINGUEZ, JUDITH TEPEC SUAREZ, VALERIA PINEDA, IGNACIO JIMENEZ MOZO, ELIANA BLANCO, and RAQUEL PEREZ CHAVEZ, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **ALICIA JIMENEZ, MAGALI HERNANDEZ, DOMINGUEZ, JUDITH TEPEC SUAREZ, VALERIA PINEDA, IGNACIO JIMENEZ MOZO, ELIANA BLANCO, and RAQUEL PEREZ CHAVEZ, individually and on behalf of all others similarly situated,** through undersigned counsel, bring this action against **EL CHEVERE CUCHIFRITOS, CORP. and JUAN TESTA as an individual,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations

1

of state and federal wage and hour laws arising out of Plaintiffs' employment EL CHEVERE CUCHIFRITOS, CORP. located at 2000 Third Ave, New York, NY 10029.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff ALICIA JIMENEZ, residing in New York, NY, was employed from in or around February 2012 until in or around February 2020 by Defendants at EL CHEVERE CUCHIFRITOS, CORP. located at 2000 Third Ave, New York, NY 10029.

9. Plaintiff MAGALI HERNANDEZ DOMINGUEZ, residing in New York, NY, was employed from in or around April 2016 until in or around February 2021 by Defendants at EL CHEVERE CUCHIFRITOS, CORP. located at 2000 Third Ave, New York, NY 10029.

10. Plaintiff JUDITH TEPEC SUAREZ, residing in New York, NY, has been employed from in or around February 2017 through the present by Defendants at EL CHEVERE CUCHIFRITOS, CORP. located at 2000 Third Ave, New York, NY 10029.

11. Plaintiff VALERIA PINEDA, residing in Queens, NY, has been employed from in or around January 2017 through the present by Defendants at EL CHEVERE CUCHIFRITOS, CORP. located at 2000 Third Ave, New York, NY 10029.
12. Plaintiff IGNACIO JIMENEZ MOZO, residing in New York, NY, was employed from in or around November 2010 until in or around March 2020 by Defendants at EL CHEVERE CUCHIFRITOS, CORP. located at 2000 Third Ave, New York, NY 10029.
13. Plaintiff ELIANA BLANCO, residing in Bronx, NY, was employed from in or around February 2019 until in or around October 2020 by Defendants at EL CHEVERE CUCHIFRITOS, CORP. located at 2000 Third Ave, New York, NY 10029.
14. Plaintiff RAQUEL PEREZ CHAVEZ, residing in Bronx, NY, was employed from in or around January 2019 until in or around March 2021 by Defendants at EL CHEVERE CUCHIFRITOS, CORP. located at 2000 Third Ave, New York, NY 10029.
15. Defendant, EL CHEVERE CUCHIFRITOS, CORP. is a corporation organized under the laws of New York with a principal executive office at 2000 Third Ave, New York, NY 10029.
16. Defendant, EL CHEVERE CUCHIFRITOS, CORP. is a corporation authorized to do business under the laws of New York.
17. Upon information and belief, Defendant JUAN TESTA owns and operates EL CHEVERE CUCHIFRITOS, CORP.
18. Defendant JUAN TESTA is an agent of EL CHEVERE CUCHIFRITOS, CORP.
19. Upon information and belief, Defendants JUAN TESTA has power over personnel decisions at EL CHEVERE CUCHIFRITOS, CORP.
20. Upon information and belief, Defendant JUAN TESTA has power over payroll decisions at EL CHEVERE CUCHIFRITOS, CORP.
21. Defendant JUAN TESTA has the power to hire and fire employees at EL CHEVERE CUCHIFRITOS, CORP. establish and pay their wages, set their work schedule, and maintains their employment records.
22. During all relevant times herein, Defendant JUAN TESTA, were Plaintiff's employer within the meaning of the FLSA and NYLL.

23. On information and belief, EL CHEVERE CUCHIFRITOS, CORP. is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

24. As this complaint is being filed in August 2021, the relevant statutory period pursuant to the NYLL and FLSA is from August 2015 to the present ("Relevant Statutory Period").

### ALICIA JIMENEZ

25. Plaintiff ALICIA JIMENEZ was employed by Defendants at EL CHEVERE CUCHIFRITOS, CORP., from in or around February 2012 until in or around February 2020.

26. During Plaintiff ALICIA JIMENEZ'S employment by Defendants at EL CHEVERE CUCHIFRITOS, CORP., Plaintiff's primary duties were as a counter person, bakery worker, dishwasher, performing other miscellaneous duties.

27. During the Relevant Statutory Period, Plaintiff ALICIA JIMENEZ was paid by Defendants:

    i. approximately $12.50 per hour from in or around August 2015 until in or around December 2015.

    ii. approximately $13.00 per hour from in or around January 2016 until in or around February 2020.

28. During the Relevant Statutory Period, Plaintiff ALICIA JIMENEZ worked approximately seventy-five (75) hours or more hours per week at EL CHEVERE CUCHIFRITOS, CORP.

29. Although Plaintiff ALICIA JIMENEZ worked approximately seventy-five (75) or more hours per week during her employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

4

30. Additionally, Defendants failed to pay Plaintiff ALICIA JIMENEZ the legally prescribed minimum wage for his hours worked from in or around January 2019 until in or around February 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

31. Furthermore, Plaintiff ALICIA JIMENEZ worked in excess of ten (10) or more hours per day, six (6) days a week during the Relevant Statutory Period, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

## MAGALI HERNANDEZ DOMINGUEZ

32. Plaintiff MAGALI HERNANDEZ DOMINGUEZ was employed by Defendants at EL CHEVERE CUCHIFRITOS, CORP., from in or around April 2016 until in or around February 2021.

33. During Plaintiff MAGALI HERNANDEZ DOMINGUEZ'S employment by Defendants at EL CHEVERE CUCHIFRITOS, CORP., Plaintiff's primary duties were as a counter person, performing other miscellaneous duties.

34. During the Relevant Statutory Period, Plaintiff MAGALI HERNANDEZ DOMINGUEZ was paid by Defendants:
    i. approximately $10.50 per hour from in or around April 2016 until in or around December 2016.
    ii. approximately $12.00 per hour from in or around January 2017 until in or around December 2019.
    iii. approximately $15.00 per hour from in or around January 2020 until in or around February 2021.

35. During the Relevant Statutory Period, Plaintiff MAGALI HERNANDEZ DOMINGUEZ worked approximately eighty-eight (88) hours or more hours per week at EL CHEVERE CUCHIFRITOS, CORP.

36. Although Plaintiff MAGALI HERNANDEZ DOMINGUEZ worked approximately eighty-eight (88) or more hours per week during her employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

5

37. Additionally, Defendants failed to pay Plaintiff MAGALI HERNANDEZ DOMINGUEZ the legally prescribed minimum wage for his hours worked from in or around January 2018 until in or around December 2019, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.
38. Furthermore, Plaintiff MAGALI HERNANDEZ DOMINGUEZ worked in excess of ten (10) or more hours per day, six (6) days a week from in or around April 2016 until in or around February 2021, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

## JUDITH TEPEC SUAREZ

39. Plaintiff JUDITH TEPEC SUAREZ has been employed by Defendants at EL CHEVERE CUCHIFRITOS, CORP., from in or around February 2017 to the present.
40. During Plaintiff JUDITH TEPEC SUAREZ'S employment by Defendants at EL CHEVERE CUCHIFRITOS, CORP., Plaintiff's primary duties have been as a counter person, performing other miscellaneous duties.
41. During the relevant statutory period, Plaintiff JUDITH TEPEC SUAREZ has been paid by Defendants:
    i. approximately $10.50 per hour from in or around February 2017 until in or around December 2017.
    ii. approximately $12.00 per hour from in or around January 2018 through the present.
42. During the relevant statutory period, Plaintiff JUDITH TEPEC SUAREZ has worked approximately sixty (60) to seventy (70) hours or more hours per week at EL CHEVERE CUCHIFRITOS, CORP.
43. Although Plaintiff JUDITH TEPEC SUAREZ has worked approximately sixty (60) to seventy (70) or more hours per week during her employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
44. Additionally, Defendants failed to pay Plaintiff JUDITH TEPEC SUAREZ the legally prescribed minimum wage for his hours worked from in or around January 2018

through the present, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

45. Furthermore, Plaintiff JUDITH TEPEC SUAREZ has worked at least ten (10) or more hours per day, six (6) to seven (7) days a week from in or around February 2017 through the present, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

### VALERIA PINEDA

46. Plaintiff VALERIA PINEDA has been employed by Defendants at EL CHEVERE CUCHIFRITOS, CORP., from in or around January 2017 through the present.

47. During Plaintiff VALERIA PINEDA'S employment by Defendants at EL CHEVERE CUCHIFRITOS, CORP., Plaintiff's primary duties have been as a counter person, bakery worker, pastry server, while performing other miscellaneous duties.

48. During the relevant statutory period, Plaintiff VALERIA PINEDA has been paid by Defendants:

    i. approximately $10.50 per hour from in or around April 2016 until in or around December 2016.
    ii. approximately $12.00 per hour from in or around January 2017 until in or around December 2019.
    iii. approximately $15.00 per hour from in or around January 2020 through the present.

49. During the relevant statutory period, Plaintiff VALERIA PINEDA worked approximately forty (40) hours or more hours per week at EL CHEVERE CUCHIFRITOS, CORP.

50. Therefore, Defendants failed to pay Plaintiff VALERIA PINEDA the legally prescribed minimum wage for his hours worked from in or around January 2018 until in or around December 2019, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

## IGNACIO JIMENEZ MOZO

51. Plaintiff IGNACIO JIMENEZ MOZO was employed by Defendants at EL CHEVERE CUCHIFRITOS, CORP., from in or around November 2010 until in or around March 2020.

52. During Plaintiff IGNACIO JIMENEZ MOZO'S employment by Defendants at EL CHEVERE CUCHIFRITOS, CORP., Plaintiff's primary duties were as a cook, frier, kitchen worker and performing other miscellaneous duties.

53. During the Relevant Statutory Period, Plaintiff IGNACIO JIMENEZ MOZO was paid by Defendants:

    i. approximately $90.00 per day from in or around August 2015 until in or around December 2018.

    ii. approximately $15.00 per hour from in or around January 2019 until in or around March 2020.

54. During the Relevant Statutory Period, Plaintiff IGNACIO JIMENEZ MOZO worked approximately seventy-one and a half (71.5) hours or more hours per week at EL CHEVERE CUCHIFRITOS, CORP.

55. Although Plaintiff IGNACIO JIMENEZ MOZO worked approximately seventy-one and a half (71.5) or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

56. Additionally, Defendants failed to pay Plaintiff IGNACIO JIMENEZ MOZO the legally prescribed minimum wage for his hours worked from in or around August 2015 until in or around December 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

57. Furthermore, Plaintiff IGNACIO JIMENEZ MOZO worked in excess of ten (10) or more hours per day, six (6) days a week during the Relevant Statutory Period, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

## ELIANA BLANCO

58. Plaintiff ELIANA BLANCO was employed by Defendants at EL CHEVERE CUCHIFRITOS, CORP., from in or around February 2019 until in or around October 2020.

59. During Plaintiff ELIANA BLANCO'S employment by Defendants at EL CHEVERE CUCHIFRITOS, CORP., Plaintiff's primary duties were as a counter person, pastry server, and performing other miscellaneous duties.

60. From in or around February 2019 until in or around October 2020, Plaintiff ELIANA BLANCO was paid by Defendants:
    i. approximately $12.50 per hour from in or around February 2019 until in or around October 2020.

61. From in or around February 2019 until in or around October 2020, Plaintiff ELIANA BLANCO worked approximately sixty-eight (68) hours or more hours per week at EL CHEVERE CUCHIFRITOS, CORP.

62. Although Plaintiff ELIANA BLANCO worked approximately sixty-eight (68) or more hours per week during her employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

63. Additionally, Defendants failed to pay Plaintiff ELIANA BLANCO the legally prescribed minimum wage for her hours worked from in or around February 2019 until in or around October 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

64. Furthermore, Plaintiff ELIANA BLANCO worked in excess ten (10) or more hours per day, six (6) days a week, from in or around February 2019 until in or around October 2020, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

## RAQUEL PEREZ CHAVEZ

65. Plaintiff RAQUEL PEREZ CHAVEZ was employed by Defendants at EL CHEVERE CUCHIFRITOS, CORP., from in or around January 2019 until in or around March 2021.

66. During Plaintiff RAQUEL PEREZ CHAVEZ'S employment by Defendants at EL CHEVERE CUCHIFRITOS, CORP., Plaintiff's primary duties were as a counter person, and performing other miscellaneous duties.
67. From in or around January 2019 until in or around March 2021, Plaintiff RAQUEL PEREZ CHAVEZ was paid by Defendants:
    i. approximately $13.50 per hour from in or around January 2019 until in or around March 2021.
68. From in or around January 2019 until in or around March 2021, Plaintiff RAQUEL PEREZ CHAVEZ worked approximately forty-eight (48) hours or more hours per week at EL CHEVERE CUCHIFRITOS, CORP.
69. Although Plaintiff RAQUEL PEREZ CHAVEZ worked approximately forty-eight (48) or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
70. Additionally, Defendants failed to pay Plaintiff RAQUEL PEREZ CHAVEZ the legally prescribed minimum wage for her hours worked from in or around January 2019 until in or around March 2021, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

## FACTUAL ALLEGATIONS AS TO ALL PLAINTIFFS

71. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
72. Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.
73. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

74. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

75. Collective Class: All persons who are or have been employed by the Defendants as counter persons, kitchen workers, bakery workers friers, cooks, waiter(s), pastry servers or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

76. Upon information and belief, Defendants employed approximately 30-50 employees within the relevant time-period who were subjected to similar payment structures.

77. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

78. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate minimum wage rates.

79. Defendants' unlawful conduct has been widespread, repeated, and consistent.

80. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

81. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

82. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

83. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
84. The claims of Plaintiff are typical of the claims of the putative class.
85. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
86. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FIRST CAUSE OF ACTION**

**Overtime Wages Under The Fair Labor Standards Act**

87. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
88. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
89. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
90. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
91. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
92. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.
93. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

94. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

95. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

96. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

97. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

98. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

99. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

100. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

101. Defendants willfully failed to pay Plaintiff a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

102. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

103. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiff's compensation.

104. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

105. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

106. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

107. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

108. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

109. Defendants also failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

110. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

111. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

112. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N. Y. C. R. R. § 142-2.4

113. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SIXTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

114. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

115. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

116. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

117. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

118. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

119. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:
   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
   b. Awarding Plaintiff unpaid overtime wages;
   c. Awarding Plaintiff unpaid minimum wages;
   d. Awarding Plaintiffs unpaid spread of hours compensation;
   e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
   f. Awarding Plaintiff prejudgment and post-judgment interest;

    g. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

    h. Awarding such and further relief as this court deems necessary and proper.

<b><u>DEMAND FOR TRIAL BY JURY</u></b>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This ____ day of August, 2021.

_____
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALICIA JIMENEZ, MAGALI HERNANDEZ DOMINGUEZ, JUDITH TEPEC SUAREZ, VALERIA PINEDA, IGNACIO JIMENEZ MOZO, ELIANA BLANCO, and RAQUEL PEREZ CHAVEZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

EL CHEVERE CUCHIFRITOS, CORP. and JUAN ARMANDO TESTA as an individual,

Defendants.

---

SUMMONS & COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**

**EL CHEVERE CUCHIFRITOS, CORP.**
**2000 Third Ave**
**New York, NY 10029**


**JUAN ARMANDO TESTA**
**2000 Third Ave**
**New York, NY 10029**